D. EDWARD HAYS, #162507
ehays@marshackhays.com
ALINA MAMLYUK, #284154
amamlyuk@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Defendants/Appellees,
TYLER BRANDON DAVIS AND
TOPDEVZ, LLC,

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASHKAN RAJAEE, an Individual,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>TYLER BRANDON DAVIS, an Individual; et al.,<br><br>Defendants - Appellees. | COA Docket No. 25-07593<br><br>D.C. Case No. 3:24-cv-00001-RSH-KSC - Southern District of California, San Diego<br><br>OPPOSITION TO APPELLANT'S MOTION FOR DETERMINATION THAT TOPDEVZ IS NOT LAWFULLY BEFORE THE COURT; DECLARATION OF D. EDWARD HAYS IN SUPPORT |

/ / /

/ / /

/ / /

## TABLE OF CONTENTS

1. SUMMARY OF OPPOSITION .......... 1

2. FACTS PERTINENT TO THE OPPOSITION .......... 3

3. LEGAL ARGUMENT .......... 7

a. Pursuant to the *Rooker-Feldman* Doctrine, the Judgment cannot be reversed by this Court absent extrinsic fraud, which Rajaee does not allege .......... 7

b. The Conversion Order does not solely depend on Atty Hays's authority to represent TopDevz .......... 10

4. CONCLUSION .......... 11

DECLARATION OF D. EDWARD HAYS .......... 12

## TABLE OF AUTHORITIES

**Cases**

*Bianchi v. Rylaarsdam*,
334 F.3d 895, 898 (9th Cir. 2003) .......... 8

*Jamshid Daryanabard v. Peter Pirouzkar (In re Jamshid Daryanabard)*, No. NC-24-1207-GTB, 2025 Bankr. LEXIS 1476, at *12 (B.A.P. 9th Cir. June 20, 2025) .......... 9

*Kougasian v. TMSL, Inc.*,
359 F.3d 1136, 1139 (9th Cir. 2004) .......... 7, 8

*Miroth v. Cty. of Trinity*,
136 F.4th 1141, 1152 n.2 (9th Cir. 2025) .......... 8

*Noel v. Hall*,
341 F.3d 1148, 1161-62 (9th Cir. 2003) .......... 8

*Pueblo of Santa Rosa v. Fall*,
273 U.S. 315, 319 (1927) .......... 2

*Reusser v. Wachovia Bank, N.A.*,
525 F.3d 855, 859 (9th Cir. 2008) .......... 8

Appellees, TopDevz, LLC ("TopDevz") and Tyler Davis ("Davis," and together with TopDevz, "Appellees") file this opposition to the motion filed by Appellant on October 30, 2026, as Dk. No. 31.1, styled "Appellant's Motion Under *Durfee v. Duke* and *National Exchange Bank of Tiffin v. Wiley* for Threshold Determination that TopDevz is Not Lawfully Before the Court and that Personal Jurisdiction Cannot Rest on Unauthorized Attorney Appearances and Filings Made in its Name" ("Motion").

## 1. SUMMARY OF OPPOSITION

This appeal was filed by the Appellant, Ashkan Rajaee ("Rajaee") who is a debtor in a pending Chapter 7 (converted from Chapter 11) bankruptcy case. Prior to the filing of the bankruptcy on February 26, 2024, the San Diego County Superior Court entered a judgment against Rajaee that confirmed an arbitration award ("Judgment"). The Judgment, among other things, removed Rajaee as manager of Appellee, TopDevz, LLC, determined Rajaee's interest in TopDevz to be approximately 5%, determined that Appellee Davis's interest in TopDevz was approximately 95%, dissolved TopDevz at the request of its majority owner, Davis, adjudicated that Rajaee owed TopDevz $7,670,151.00, and that Rajaee owed Appellee, Davis, $1,704,415.64. In his bankruptcy, the Chapter 7 Trustee ("Trustee") obtained a court order authorizing the Trustee to sell Rajaee's claims to appeal the Judgment and to sell Rajaee's interest in TopDevz, LLC to Davis ("Sale Order").

Prior to Rajaee's bankruptcy, Rajaee initiated a suit against the Appellees in the U.S.D.C. Southern District, bearing the case number 3:24-cv-00001-RSH-KSC, known as the "Identity Theft Suit." In the Identity Theft Suit, Rajaee sought an injunction against Appellees collecting on their claims pursuant to the Judgment, or enforcing it, essentially seeking to vacate the Judgment. After Petition Date, the District Court dismissed the Identity Theft Suit for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine which bars federal courts from performing de facto appeals of state judgments ("Dismissal Order"). After his appointment, the Trustee (as the

real party in interest in Rajaee's pre-bankruptcy causes of action), withdrew with prejudice any outstanding motions that Rajaee had filed in the Identity Theft Case. Rajaee, in spite not being the plaintiff in the Identity Theft Case, filed a motion for reconsideration of the Dismissal Order, which the District Court denied. Rajaee filed this appeal in response.

Rajaee has now filed a Motion that, on its face, seeks to determine whether Appellees' counsel, D. Edward Hays ("Atty Hays"), has been lawfully authorized to represent TopDevz. The Judgment, however, resolves this question because it determined that Rajaee was no longer the manager of TopDevz. And, the Sale Order then sold Rajaee's rights in TopDevz to Davis. The relief sought by this Authority Motion thus is barred by the *Rooker-Feldman* Doctrine. In order to grant the requested relief, this Court would have to reach a result different from the Judgment but the Court is required to give full faith and credit to the Judgment. Additionally, the relief is barred because whatever rights and claims Rajaee had with respect to TopDevz became property of his bankruptcy estate and the Trustee sold them to Davis. Whether the denial of reconsideration of the Sale Order should be affirmed or reversed is an issue before this Court in a separate appeal. See, Case No. 26-5530.

Pursuant to the Sale Order, Davis is the 100% owner of TopDevz, and is exclusively able to make any and all decisions on its behalf. The Sale Order has not been stayed. Davis's authority over TopDevz thus extends to his absolute and exclusive right to retain counsel of his choosing for TopDevz. Atty Hays has been retained by Davis to represent TopDevz in this appeal. While it is a long-standing principle that courts may, at their discretion, seek clarification of the authority of counsel to appear in a case, *Pueblo of Santa Rosa v. Fall*, 273 U.S. 315, 319 (1927), Rajaee's accusations of Davis's usurped authority over TopDevz are utterly baseless and must be denied.

/ / /

Rajaee has been adjudicated to be a vexatious litigant by the bankruptcy court. He has also been adjudicated to be in contempt by the bankruptcy court for attempting to raise claims that became property of his bankruptcy estate. To date, Rajaee has appealed at least 27 orders entered by the bankruptcy court and none have yet to be successful. Rajaee's appeals and the frivolous motions that he files in such appeals are nothing more than sanctionable attempts to unnecessarily multiply the proceedings and waste judicial and party resources.

## 2. FACTS PERTINENT TO THE OPPOSITION

One of Rajaee's other appeals involves the bankruptcy court's order that converted his case from a Chapter 11 to a Chapter 7 ("Conversion Order"). See, COA Case No. 25-8172 ("Appeal of Conversion Order"). In their brief on the merits filed in the Appeal of Conversion Order, Appellees thoroughly briefed the extensive, multi-year background between Rajaee, Davis, TopDevz, and the Trustee. While the facts pertinent to this Opposition are presented here, for more details, the Court may review the "Statement of the Case" section of the Appellees' Brief in the Appeal of Conversion Order. See, Case No. 25-8172, Dk. No. 14.1, pgs. 4-27.

Rajaee and Davis were once business partners in TopDevz. Rajaee initiated arbitration to determine, among others, issues of ownership of TopDevz.

On or about August 15, 2023, the Superior Court for the State of California, County of San Diego entered a judgment confirming an arbitration award in favor of TopDevz and Davis and against Rajaee ("Judgment"). A true and correct copy of the Judgment is attached to the Declaration of Atty Hays ("Hays Dec") as **Exhibit "1."**

The Judgment confirmed an arbitration award entered on or about May 12, 2023. A true and correct copy of the Arbitration Award is attached to the Hays Dec as **Exhibit "2."**

Pursuant to the Arbitration Award and Judgment, Rajaee was removed as the managing member of TopDevz, Davis was determined to be the 95% owner of

TopDevz, and the entity was voluntarily dissolved at the request of Davis as the majority owner. The Judgment also awarded $7,670,151.00 to TopDevz and $1,704,415.64 to Davis.

On February 26, 2024, Rajaee filed a voluntary bankruptcy case. On May 9, 2024, the bankruptcy court entered an order converting the case and appointing Christopher Barclay as the Chapter 7 Trustee ("Conversion Order"). A true and correct copy of the Conversion Order is attached to the Hays Dec as **Exhibit "3."**

Rajaee did not appeal the Conversion Order.

On December 10, 2024, the bankruptcy court entered an order approving the Trustee's settlement of Rajaee's alleged claims against TopDevz and Davis. The only exception to the settlement and release were of Rajaee's claims to appeal or set aside the Judgment ("Settlement Order"). A true and correct copy of the Settlement Order is attached to the Hays Dec as **Exhibit "4."**

On December 24, 2024, Rajaee filed a motion for relief from the Conversion Order and the Settlement Order. After Rajaee's reconsideration motion was denied by the Bankruptcy Court, and the denial was affirmed by the District Court in *Rajaee v. Barclay, et al*, 3:25-cv-00667-RSH-KSC, Rajaee initiated an appeal with this Court, defined *supra* as the Appeal of Conversion Order, Case No. 25-8172.

On July 30, 2025, the bankruptcy court entered an order approving the Trustee's sale of Rajaee's alleged claims to set aside or appeal the Judgment ("Sale Order"). The Sale Order also sold to Davis whatever Rajaee's interests were in TopDevz. A true and correct copy of the Sale Order is attached to the Hays Dec as **Exhibit "5."**

On or about January 6, 2026, Rajaee and an entity that he purports to own, Mobile Monster, Inc. ("MMI") filed a complaint ("RICO Complaint") for alleged Violations of the Racketeer Influenced and Corrupt Organizations Act in the United States District Court for the Southern District of California, D.C. Case No. 3:26-cv-

00080-RSH-KSC (the "RICO Case") against, among others, Appellees and their present and former attorneys, including Atty Hays.

On May 29, 2026, the bankruptcy court adjudicated Rajaee in contempt for exercising control over the claims set forth in the RICO Complaint because such claims would have constituted property of the bankruptcy estate over which only the Trustee could control. A true and correct copy of the Contempt Order is attached to the Hays Dec as **Exhibit "6."**

As of the date of this Opposition, Rajaee has failed to purge his contempt by dismissing the RICO Case. Rajaee's failure to purge his contempt required Appellees to file a motion to dismiss the complaint and another motion to dismiss the first amended complaint filed in the RICO case. On November 4, 2026, the District Court dismissed the RICO case with prejudice. A true and correct copy of the court's order is attached as **Exhibit "9."**

Rajaee has initiated at least 16 cases before this Court related to his bankruptcy, of which 12 are still pending. The Appellees and the Trustee have sought a stay of appellate proceedings in the related appeals until the Appeal of the Conversion Order is resolved.

Rajaee has filed motions identical to the Authority Motion in nearly all of his appeals before this Court.[1]

---

[1] Rajaee has initiated 16 appeals before this Court which all, based on Rajaee's briefs submitted, seek to undo the conversion of his bankruptcy and to void the State Court Judgment:
COA #1: 25-07593;
COA #2: 25-07601;
COA #3: 25-07604;
COA #4: 25-08172;
COA #5: 25-01678 (Writ of Mandamus in which Rajaee directly sought resolution of the question whether Atty Hays has authority to represent TopDevz, which was denied by this Court);
COA #6: 26-05530;

In the RICO case, Appellant filed briefing that included a declaration from William Franklin Jordan [RICO Case D.C. Dkt. No. 97 "Jordan Declaration"]. Mr. Jordan stated that "TopDevz retained me for the limited purpose of requesting a threshold determination concerning the lack of personal jurisdiction over TopDevz [...] because of papers filed in the LLC's name by attorneys who are not authorized to represent TopDevz." A true and correct copy of the briefing and declaration are attached to the Hays Dec as **Exhibit "7**."

On August 28, 2026, an attorney from Atty Hays' office held a conversation with Mr. Jordan, to give him notice that Marshack Hays Wood LLP ("MHW") represents TopDevz, LLC (and its 100% owner, Tyler Davis) in the various litigation matters including the RICO Case, Appellant's bankruptcy case, and the appeals before this Court.

On September 22, 2026, MHW sent a demand letter ("Demand Letter") to Mr. Jordan demanding that he (1) immediately withdraw his declaration from the RICO Case, (2) request that the Court strike it from the record, and (3) cease making any further representations that he has been retained by TopDevz because such claims are precluded by and inconsistent with the Judgment and Sale Order. A true and correct copy of the Demand Letter is attached to the Hays Dec as **Exhibit "8**."

---

COA #7: 26-05526;
COA #8: 26-05533;
COA #9: 26-05633;
COA #10: 26-05536;
COA #11: 26-05535;
COA #12: 26-05545;
COA #13: 26-05555;
COA #14: 26-06151;
COA # 15 and 16: two additional Ninth Circuit appeals initiated on November 9, 2026 from orders in the RICO Case.

The demand letter provided Mr. Jordan until 12:00 p.m. (Pacific) on September 25, 2026, to withdraw his declaration, and advised that if he did not do so, Davis and TopDevz clients would be seeking the maximum award of sanctions against him and his firm for violating Fed. R. Civ. P. 11.

In other words, MHW provided Mr. Jordan an additional period of time to withdraw the declaration even before the 21-day safe harbor period under Rule 11. Mr. Jordan failed to withdraw the declaration by the September 25, 2026 deadline, and still has failed to do so.

The Demand Letter was directed to an attorney who purported to represent an entity without authorization and requested withdrawal of the challenged filing. This is entirely consistent with representing MHW's clients, Davis and TopDevz, and the rights established in the Judgment.

On November 4, 2026, the District Court dismissed the RICO Case with prejudice and without leave to amend. A true and correct copy of the RICO Case dismissal order is attached to the Hays Dec as **Exhibit "9**."

In the RICO Case dismissal order, the District Court did not give the Jordan Declaration any weight. By proceeding on the merits, the District Court implicitly rejected the argument that TopDevz was not lawfully the District Court.

# 3. LEGAL ARGUMENT

## a. Pursuant to the *Rooker-Feldman* Doctrine, the Judgment cannot be reversed by this Court absent extrinsic fraud, which Rajaee does not allege

Ultimately, Rajaee's Authority Motion requests that this Court review the Judgment and enter an order contrary to it. The *Rooker-Feldman* doctrine, however, "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (relying on *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898

(9th Cir. 2003)). "A federal action constitutes such a *de facto* appeal where 'claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.'" *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Bianchi*, 334 F.3d at 898).

Because there has been some confusion in lower courts as to what makes a "forbidden de facto appeal," this Court collected cases in *Noel v. Hall*, 341 F.3d 1148, 1161-62 (9th Cir. 2003) to give general guidance. *Kougasian*, 341 F.3d at 1139. The guidance is that *Rooker-Feldman* bar "applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Id.* at 1140.

The *Rooker-Feldman* bar itself has an "extrinsic fraud" exception. *Id.* If a party alleges that it is extrinsic fraud by the party's adversary that prevented the losing party from a presenting their claim in court, then the losing party is not alleging a legal error by the state court. *Id.* at 1140-41. This means that allegations of extrinsic fraud on the court essentially bypass *Rooker-Feldman*'s jurisdictional bar. *Id.* at 1141. At the same time, if the fraud arguments were already presented by the losing party to the state court, and rejected as insufficient, then the extrinsic fraud itself was already separately litigated by the state court and the extrinsic fraud exception does not apply. *Reusser,* 525 F.3d at 860. In *Reusser*, "plaintiffs' claim alleging fraud in state court foreclosure proceedings 'was *itself* separately litigated before and rejected by an Oregon state court' in a second proceeding, after the plaintiffs filed a motion to vacate the state court judgment.[…] In that unique procedural context, we regarded the federal suit as a de facto appeal." *Miroth v. Cty. of Trinity*, 136 F.4th 1141, 1152 n.2 (9th Cir. 2025).

This Court overturning the Judgment would be the textbook *de facto* appeal outlined in *Noel* as it would have to assess the scope and nature of state court's alleged

legal error. If anything, one of the more recent decisions by this Court—in which the debtor likewise claimed that *Rooker-Feldman* did not apply when the bankruptcy court refused to review a state court judgment the debtor claimed was "void" (for lack of personal service)—the Court held that the bankruptcy court did not err. *Jamshid Daryanabard v. Peter Pirouzkar (In re Jamshid Daryanabard)*, No. NC-24-1207-GTB, 2025 Bankr. LEXIS 1476, at *12 (B.A.P. 9th Cir. June 20, 2025).

Rajaee does not mention, reference, or brief *Rooker-Feldman* at all in the Authority Motion, even though it is critical to his request. This Court simply cannot reach the conclusion that Rajaee wants it to reach—that Rajaee is still the manager of TopDevz—without reviewing the substance (and the circumstances) of the Judgment. Rajaee does not plead any instance of extrinsic fraud in the entry of the State Court Judgment which would allow an exception to *Rooker-Feldman*. Instead, Rajaee demands that this Court demand that Davis produce evidence of a "vote" by which Rajaee was removed as manager. Rajaee's focus on any possible errors committed by the state court sidesteps the entirety of the *Rooker-Feldman* framework which dictates that state errors are purview of state appellate courts. Rajaee's state appellate rights (including any claim that the Arbitration Award exceeded the arbitrator's powers) were sold by Rajaee's bankruptcy trustee to Davis. Rajaee thus no longer has any standing to appeal the Judgment in any forum. Rajaee's requested relief is barred by *Rooker-Feldman*. Even if the state court was presented with two possible options regarding jurisdiction or any other aspect of the Rajaee/Davis arbitration confirmation, and chose one that displeased Rajaee, that does not mean that a court was "defrauded." Rather, it possibly made a mistake. If so, review by a federal court of that mistake is barred by *Rooker-Feldman*.

Critically, Rajaee had a full opportunity to argue his extrinsic fraud allegations before the San Diego Superior Court during the arbitration confirmation action which he did and lost. Rajaee seeks a *de facto* appeal of the Judgment and does not make any

allegations of extrinsic fraud that have not been heard, in some fashion, and rejected at the state level.

**b. The Conversion Order does not solely depend on Atty Hays's authority to represent TopDevz**

Rajaee essentially seeks to reset his bankruptcy by undoing the Conversion Order, incorrectly reasoning that this path will lead to "nullification" of the Settlement Order and the Sale Order.

While the Appeal of the Conversion Order will resolve whether the bankruptcy court and District Court erred in denying Rajaee's motion for reconsideration of the Conversion Order and the Settlement Order, it is critical to note that the Conversion Order was entered as a result of a motion filed by *both* Davis and TopDevz. While Rajaee expends judicial and party resources on multiple motions in multiple appeals arguing that TopDevz could not have sought conversion, Rajaee is unable to make any argument as to why any result favorable to him on this Motion would disturb the Conversion Order since conversion was also requested by Davis. While Rajaee argues that there is no "severability" of the motion to convert, he is unable to provide any authority in case law or local rules that would essentially nullify a joint motion if one of the filers was found to lack standing or have unauthorized counsel. This is because no such authority exists. Even if TopDevz is deemed not to have been a qualified movant for purposes of filing the motion to convert, this does nothing to disqualify Davis from being a movant. For this reason, this Motion is ultimately a colossal waste of the Court's time and resources. There is no viable relief that would alter the outcome of this appeal.

/ / /

/ / /

/ / /

## 4. CONCLUSION

For all the foregoing reasons, Appellees respectfully request that the Court deny the Motion with prejudice.

DATED: November 9, 2026

MARSHACK HAYS WOOD LLP

/s/ D. Edward Hays

By:________________________________

D. EDWARD HAYS
ALINA MAMLYUK
Attorneys for Appellees, Attorneys for Appellees, TYLER BRANDON DAVIS and TOPDEVZ, LLC

# DECLARATION OF D. EDWARD HAYS

I, D. EDWARD HAYS, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration. The facts set forth below are true of my personal knowledge.

3. I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

4. I am a partner of the law firm of Marshack Hays Wood LLP, attorneys for Appellees, TYLER BRANDON DAVIS and TOPDEVZ, LLC, and maintain offices at 870 Roosevelt, Irvine, California, 92620.

5. Unless otherwise stated, the facts set forth in this declaration are personally known to me and if called as a witness, I could and would competently testify thereto.

6. I make this declaration in support of Appellees' opposition to a motion filed by Appellant on October 30, 2026, as Dk. No. 31.1, styled "Appellant's Motion Under *Durfee v. Duke* and *National Exchange Bank of Tiffin v. Wiley* for Threshold Determination that TopDevz is Not Lawfully Before the Court and that Personal Jurisdiction Cannot Rest on Unauthorized Attorney Appearances and Filings Made in its Name" ("Motion").

7. On or about August 15, 2023, the Superior Court for the State of California, County of San Diego entered a judgment confirming an arbitration award in favor of TopDevz and Davis and against Rajaee ("Judgment"). A true and correct copy of the Judgment is attached as **Exhibit "1."**

8. The Judgment confirmed an arbitration award entered on or about May 12, 2023. A true and correct copy of the Arbitration Award is attached as **Exhibit "2."**

9. Pursuant to the Arbitration Award and Judgment, Rajaee was removed as the managing member of TopDevz, Davis was determined to be the 95% owner of TopDevz, and the entity was voluntarily dissolved at the request of Davis as the majority owner. The Judgment also awarded $7,670,151.00 to TopDevz and $1,704,415.64 to Davis.

10. On February 26, 2024, Rajaee filed a voluntary bankruptcy case. On May 9, 2024, the bankruptcy court entered an order converting the case and appointing Christopher Barclay as the Chapter 7 Trustee ("Conversion Order"). A true and correct copy of the Conversion Order is attached as **Exhibit "3."**

11. On December 10, 2024, the bankruptcy court entered an order approving the Trustee's settlement of Rajaee's alleged claims against TopDevz and Davis. The only exception to the settlement and release were of Rajaee's claims to appeal or set aside the Judgment ("Settlement Order"). A true and correct copy of the Settlement Order is attached as **Exhibit "4."**

12. On July 30, 2025, the bankruptcy court entered an order approving the Trustee's sale of Rajaee's alleged claims to set aside or appeal the Judgment ("Sale Order"). A true and correct copy of the Sale Order is attached as **Exhibit "5."**

13. On or about January 6, 2026, the Rajaee and an entity that he purports to own, Mobile Monster, Inc. ("MMI") filed a complaint ("the RICO Complaint") for alleged Violations of the Racketeer Influenced and Corrupt Organizations Act in the United States District Court for the Southern District of California, D.C. Case No. 3:26-cv-00080-RSH-KSC (the "RICO Case") against, among others, Appellees.

14. On May 29, 2026, the Bankruptcy Court adjudicated Rajaee in contempt for exercising control over the claims set forth in the RICO Complaint because such claims would have constituted property of the bankruptcy estate over which only the Trustee could control. A true and correct copy of the Contempt Order is attached as **Exhibit "6."**

15. As of the date of this declaration, Rajaee has failed to purge his contempt by dismissing the RICO Case. Rajaee's failure to purge his contempt required Appellees to file a motion to dismiss the complaint and another motion to dismiss the first amended complaint filed in the RICO case. On November 4, 2026, the District Court dismissed the RICO case with prejudice. A true and correct copy of the court's order is attached as **Exhibit "9."**

16. Rajaee has initiated at least 16 cases before this Court related to his bankruptcy, of which 12 are still pending. The Appellees and the Trustee have sought a stay of appellate proceedings in the related appeals until the Appeal of the Conversion Order is resolved.

17. In the RICO case, Appellant filed briefing that included a declaration from William Franklin Jordan [RICO Case D.C. Dkt. No. 97 "Jordan Declaration"]. Mr. Jordan stated that "TopDevz retained me for the limited purpose of requesting a threshold determination concerning the lack of personal jurisdiction over TopDevz [...] because of papers filed in the LLC's name by attorneys who are not authorized to represent TopDevz." A true and correct copy of the briefing and declaration are attached to the Hays Dec as **Exhibit "7**."

18. On August 28, 2026, an attorney from my office held a conversation with Mr. Jordan, to give him notice that Marshack Hays Wood LLP ("MHW") represents TopDevz, LLC (and its 100% owner, Tyler Davis) in the various litigation matters including the RICO Case, Appellant's bankruptcy case, and the appeals before this Court.

19. On September 22, 2026, my office sent a demand letter (the "Demand Letter") to Mr. Jordan demanding that he (1) immediately withdraw his declaration from the RICO Case, (2) request that the Court strike it from the record, and (3) cease making any further representations that he has been retained by TopDevz because

such claims are precluded by and inconsistent with the Judgment. A true and correct copy of the Demand Letter is attached hereto as **Exhibit "8**."

20. The demand letter provided Mr. Jordan until 12:00 p.m. (Pacific) on September 25, 2026, to withdraw his declaration, and advised that if he did not do so, our clients would be seeking the maximum award of sanctions against him and his firm for violating Fed. R. Civ. P. 11.

21. In other words, we provided Mr. Jordan an additional period of time to withdraw the declaration even before the 21-day safe harbor period under Rule 11. Mr. Jordan failed to withdraw the declaration by the September 25, 2026 deadline, and still has failed to do so.

22. The Demand Letter was directed to an attorney who purported to represent an entity without authorization and requested withdrawal of the challenged filing. This is entirely consistent with representing our clients and the rights established in the Judgment.

23. On November 4, 2026, the District Court dismissed the RICO Case with prejudice and without leave to amend. A true and correct copy of the RICO Case dismissal order is attached hereto as **Exhibit "9**."

24. In the RICO Case dismissal order, the District Court did not give the Jordan Declaration any weight. By proceeding on the merits, the District Court implicitly rejected the argument that TopDevz was not lawfully the District Court.

I declare that the foregoing is true and correct under the penalty of perjury.

Executed November 9, 2026.

/s/ D. Edward Hays

D. EDWARD HAYS

Ashkan Rajaee v. Tyler Brandon Davis, an Individual, et al.
Court of Appeals, 9th Circuit Case No. 25-7593
USDC No. 3:24-cv-00001-RSH-KSC
Bankruptcy Court Case No. 3:24-bk-00617-CBL
**************************************************************

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the OPPOSITION TO APPELLANT'S MOTION FOR DETERMINATION THAT TOPDEVZ IS NOT LAWFULLY BEFORE THE COURT; DECLARATION OF D. EDWARD HAYS IN SUPPORT with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on November 9, 2026, which will provide electronic notice to all counsel of record.

Signature: /s/ Layla Buchanan

Layla Buchanan